UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION


DELMAR H. LEATHERMON, MARGARET )
L. LEATHERMON, RHONDA WILEY, JOHN J. )
JAYNES, TERRY ROWLETT and KAREN S. )
ROWLETT, on behalf of themselves and all )
others similarly situated, )
)
                Plaintiffs, )
)
             v. )        4:07-cv-137-SEB-WGH
)
GRANDVIEW MEMORIAL GARDENS, INC., )
JIMMY W. SIMPSON, CARRIAGE FUNERAL )
SERVICES OF INDIANA, CARRIAGE )
CEMETERY SERVICES, INC., a wholly )
owned subsidiary of Carriage Services, Inc., )
CARRIAGE SERVICES, INC., JAMES R. )
HOLT, MADISON FUNERAL SERVICES, INC. )
and GRANDVIEW MEMORIAL GARDENS, LLC, )
)
             Defendants. )


**ENTRY ON PLAINTIFFS' MOTION FOR LEAVE TO FILE
FIRST AMENDED COMPLAINT**


      This matter is before the court on Plaintiffs' Motion for Leave to File First

Amended Complaint – Class Action filed January 26, 2011. (Docket No. 296-97).

Defendants Carriage Cemetery Services, Inc., Carriage Funeral Services of Indiana,

Carriage Services, Inc., Grandview Memorial Gardens, LLC, James R. Holt, Madison

Funeral Service, Inc., and Jimmy W. Simpson filed a Response on February 24, 2011.

(Docket No. 309). Defendants James R. Holt and Madison Funeral Service, Inc., filed a

separate Response on February 24, 2011.  (Docket No. 310).  Plaintiffs filed a Reply brief

on March 10, 2011.  (Docket No. 319).  Defendants filed a Surreply on March 14, 2011.

(Docket No. 322).

*I.      Background*

Plaintiffs filed their motion seeking to amend the Complaint in this class action

lawsuit.  In moving to amend their Complaint, Plaintiffs propose several changes to their

original Complaint:  <u>First</u>, Plaintiffs seek to "clarify the identity of the class" to include

"persons vested with the right to control the disposition of the remains of decedents

buried at Grandview Cemetery, personal representatives of decedents either buried or

intended to be buried in lawn crypts at Grandview Cemetery, and/or close relatives of

individuals who have been improperly interred in lawn crypts at Grandview Cemetery."

(Memorandum in Support of Motion for Leave to File First Amended Complaint–Class

Action at 4).  <u>Second</u>, Plaintiffs seek to withdraw Plaintiffs Rhonda Wiley, John Jaynes,

Terry Rowlett, and Karen Rowlett (each of whom had filed suit individually and as

representatives of the estates of various deceased individuals) as class representatives.

<u>Third</u>, Plaintiffs seek to substitute the following new plaintiffs (individually and as

representatives of the estates of various deceased individuals) as class representatives:

Cindy Jones, Terri Cosby, Richard Albus, Willa Albus-Skirvin, Charlotte Hall, and

Claudia Spennenberg.  (*See* First Amended Complaint–Class Action).  <u>Fourth</u>, Plaintiffs

seek to add two new Defendants: Carriage Funeral Holdings, Inc., and Mainstreet Investments, Inc. <u>Fifth</u>, Plaintiffs seek to add several new causes of action, including: Count II Tortious Interference With Dead Bodies; Count III Negligent Infliction of Emotional Distress; Count VII Fraud/Misrepresentation/Concealment/Non-Disclosure; Count VIII Violation of Deceptive Consumer Sales Act; and Count X Fraudulent Conveyance. <u>Sixth</u>, and finally, Plaintiffs seek to add separate causes of action for equitable/injunctive relief (Count IV) and punitive damages (Count IX).[1]

## II. Discussion

The amendment of pleadings by a party is governed by Rule 15(a) of the Federal Rules of Civil Procedure. That rule permits such an amendment after a responsive pleading has been filed only upon leave of the court or consent of the adverse party, though leave to amend is to be freely given when justice requires. FED. R. CIV. P. 15. "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Management Co., Inc. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848-49 (7th Cir. 2002).

---

[1]Defendants do not object to the addition of Counts IV and IX. Therefore, the Motion for Leave to File First Amended Complaint is <u>GRANTED</u> with regard to Counts IV and IX.

Thus, the Court must address and resolve these issues: whether there has been undue delay in the filing of Plaintiffs' Motion for Leave to File First Amended Complaint–Class Action; whether defendants would suffer undue prejudice if we were to allow the Complaint to be amended; and whether any of the proposed amendments to the Complaint would be futile.

We begin our discussion with a review of the history of this litigation. Plaintiffs' Complaint was originally filed on August 17, 2007 in the Jefferson Circuit Court. Defendant Grandview Memorial Gardens, LLC, removed the case to this Court on October 15, 2007. (*See* Docket No. 1). As of April 1, 2008, discovery was limited to issues relating to the remand, to Rule 12 jurisdiction and to class certification. (Docket No. 80 ¶ 2). Pursuant to the Case Management Order, as amended on June 25, 2008, Plaintiffs filed a Motion to Remand on July 30, 2008, and a Motion for Class Certification on October 14, 2008. (Docket Nos. 99, 108). The Motion to Remand was denied on January 22, 2009. (Docket No. 134). Each of the originally named Plaintiffs was deposed as were various Defendants during the months of February, March, and April 2009. The final Answer by one of the Defendants was filed on March 24, 2009. (Docket No. 146).

During a telephonic status conference on March 31, 2009, Plaintiffs' counsel informed the Court and the other parties that, based on class discovery to date and certain other circumstances, the nature of their claims had shifted. (*See* Docket No. 147 ¶ 1).

Shortly thereafter, pursuant to the Court's Order and two weeks after the final named class representative's deposition, on April 24, 2009, Plaintiffs filed a Motion to Amend and Supplement Complaint and to Add Parties. (Docket No. 151). Defendants' requirement to respond to the Motion for Class Certification was stayed. (Docket No. 147 ¶ 2).

At about the same time, on April 22 and April 24, 2009, Defendants Jimmy W. Simpson and Grandview Memorial Gardens, LLC separately filed motions to disqualify Plaintiffs' counsel. (Docket Nos. 149, 152). The Motions to Disqualify and Plaintiffs' Motion to Amend were briefed, and, on February 19, 2010, the Court permitted the parties to conduct discovery in an effort to identify any other classes of Plaintiffs who might be appropriately incorporated into the claims asserted in the original or amended Complaint to permit a ruling on class certification following the dispositions of the pending motions. (Docket No. 244 ¶ 4).

On March 31, 2010, following an evidentiary hearing, the Court granted Grandview Memorial Gardens, LLC's Motion to Disqualify. (Docket No. 251). Plaintiffs' Motion to Amend and Supplement Complaint and to Add Parties, which, by that time, had been fully briefed, and the Motion for Class Certification, to which no response had yet been filed, were dismissed as moot without prejudice to their re-filing upon Plaintiffs' retention of new counsel. (Docket No. 251 at 33).

Because the original motion seeking to amend the Complaint was dismissed without prejudice, and no fault can be attributed to Plaintiffs based on that dismissal, we need not consider any issues relating to delay or prejudice arising between April 24, 2009 (when the original Motion to Amend and Supplement Complaint and to Add Parties was filed) and January 26, 2011 (when the new Motion for Leave to File Amended Complaint-Class Action was filed). Our analysis, therefore, is limited to whether there was undue delay or undue prejudice prior to April 24, 2009.

*Did Plaintiffs Unduly Delay the Filing of This Motion?*

As an initial matter, we note that Plaintiffs seek to amend their complaint not only to add new claims, but also to add new parties. When a plaintiff seeks to amend its complaint to add new parties, Rule 20 of the Federal Rules of Civil Procedure is implicated. That rule allows plaintiffs to join in a single action if they assert a right to relief that arises out of the same transaction, occurrence or series of transactions or occurrences and there is a common question of law or fact. FED. R. CIV. P. 20. A district court is permitted wide discretion in determining whether to allow joinder. As the Seventh Circuit has explained:

> We have recognized that this discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness. If joinder would create prejudice, expense or delay the court may deny the motion.

*Chavez v. Illinois State Police*, 251 F3d 612, 632 (7th Cir. 2001)(internal quotations and citations omitted). None of the parties disputes whether joinder would be proper under Rule 20. Rather, Defendants assert undue delay under Rule 15. After careful consideration, we conclude that no undue delay occurred in the filing of the Motion for Leave to File First Amended Complaint–Class Action. We previously denied a Motion to Remand on January 22, 2009. The final Answer to the original Complaint was filed on March 24, 2009. (Docket No. 146). The prior Motion to Amend and Supplement Complaint and to Add Parties was filed on April 24, 2009, a mere thirty days following the final Answer. A lapse of thirty days does not constitute undue delay.

*Have Defendants Demonstrated Undue Prejudice?*

Defendants contend that they will suffer undue prejudice if an amendment is permitted at this late date because, although the proposed amended complaint "contains no new facts," the new complaint is "flatly inconsistent with Plaintiffs' own testimony"; it "abandons the core theory of the original Complaint"; it "drops four of the six original putative class representatives and four of the Complaint's causes of action, and [it] adds six new proposed class representatives and five new claims." (*See* Defendants' Opposition to Plaintiffs' Motion for Leave to Amend Complaint, p. 1). Defendants point out that the proposed changes come "after the time for class discovery – during which the litigants exchanged tens of thousands of documents and deposed each of the six original plaintiffs and four defendants – has ended." (*Id.*)

In deciding whether undue prejudice to Defendants is threatened by a belated amendment to the Complaint, it is important to note that Plaintiffs are not pleading new or revised facts in their proposed amendments. Where the factual basis for the claim remains unchanged, courts are reluctant to dismiss a pleading based on Rule 15, assuming the legal theories espoused in the amended complaint still state a claim for relief. We are unable to ascertain at this stage of the litigation whether the Plaintiff's "own testimony" in their depositions relating to class action issues is inconsistent with the pleadings, leaving that decision until all evidence has been heard.

Magistrate Judge Hussmann's orders at Docket Nos. 241 and 244 permitted discovery to be undertaken for the limited purposes of identifying persons with information as well as repositories of information to facilitate a resolution of the class certification issues. While his orders also permitted some merits discovery to proceed, no showing has been made here that significant discovery on issues other than class certification has been completed.

We concede that Defendants have incurred costs associated with deposing the four class representatives who would no longer fill that role in the proposed amended complaint. However, we view that expense and inconvenience to be relatively inconsequential. To alleviate any monetary prejudice, we shall require Plaintiffs to absorb the reasonable costs incurred for the court reporter fees and the defense attorney fees generated in taking the depositions of persons who in the Amended Complaint

will no longer serve as class representatives.  We note that, although Plaintiffs filed their motion to certify a class on October 14, 2008 (Docket No. 108), Defendants have not responded and, therefore, have not incurred any costs in that regard.

In summary, because:  (1) the proposed amended complaint does not advance any new facts; (2) substantial discovery on the merits has not been undertaken; (3) no briefing in opposition the motion for class certification has occurred; and (4) the expenses generated by the depositions of the four original class representatives can be ameliorated by Plaintiffs' shouldering those costs; we hold that, by permitting the Complaint to be amended, no undue prejudice will befall Defendants.[2]

---

[2] Defendants separately argue that "Plaintiffs' motion to add class representatives after class discovery ended and after Plaintiffs had filed their motion for class certification is improper and would unduly prejudice Defendants and delay proceedings unnecessarily by requiring costly and time-consuming new discovery." (Defendants' Opposition to Plaintiffs' Motion for Leave to Amend Complaint at 18).  Defendants cite several sources, including 1 McLaughlin on Class Actions § 4:36 (6th ed. 2010), and *Velazquez v. GMAC Mortgage Corp.*, 2009 WL 2959838 (C.D. Cal. 2009), in support of their argument.  Those authorities cited by Defendants do not set out a separate test for determining whether to allow an amendment to a complaint to add new plaintiffs as class representatives.  Instead, they rely on the undue delay/undue prejudice requirements of Rule 15 as well as the permissive joinder analysis of Rule 20.  Furthermore, those authorities cited by Defendants focus on circumstances where Plaintiffs are attempting a wholesale substitution of Plaintiffs in a class action lawsuit (either because the original Plaintiff is no longer available or because all claims by the original Plaintiff have been dismissed).

*Are Plaintiffs' New Claims Futile?*

    *1. Negligent Infliction of Emotional Distress*

    For many years, Indiana courts recognized only one set of circumstances under which an individual could recover damages for negligent infliction of emotional distress. Referred to as the "impact rule," Indiana courts required: 1) an impact on the plaintiff; 2) which caused physical injury to the plaintiff; 3) which physical injury, in turn, caused the emotional distress. *Boston v. Chesapeake & O. Ry.*, 61 N.E.2d 326, 327 (Ind. 1945). In *Shuamber v. Henderson*, 579 N.E.2d 452 (Ind. 1991), the Indiana Supreme Court adopted the "modified impact rule" in which plaintiffs who suffered an impact could now recover emotional distress damages without sustaining a direct physical injury. The Indiana Supreme Court explained:

> [w]hen ... a plaintiff sustains a direct impact by the negligence of another and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person, ... such a plaintiff is entitled to maintain an action to recover for that emotional trauma without regard to whether the emotional trauma arises out of or accompanies any physical injury to the plaintiff.

*Id*. at 456. While a plaintiff need not demonstrate a physical injury, she still must show a "direct physical impact." *Atlantic Coast Airlines v. Cook*, 857 N.E.2d 989, 996 (Ind. 2006).

    After *Shuamber*, the Indiana Supreme Court in *Groves v. Taylor*, 729 N.E.2d 569 (Ind. 2000), recognized a second means by which a plaintiff may recover damages for

negligent infliction of emotional distress referred to as the "bystander rule." The rule explains that:

> where the direct impact test is not met, a bystander may nevertheless establish "direct involvement" by proving that the plaintiff actually witnessed or came on the scene soon after the death or severe injury of a loved one with a relationship to the plaintiff analogous to a spouse, parent, child, grandparent, grandchild, or sibling caused by the defendant's negligent or otherwise tortuous [sic] conduct.

*Id*. at 573. After *Groves*, the Indiana Supreme Court has affirmed that "in order to recover damages for the negligent infliction [of] emotional distress, a plaintiff *must* satisfy either the modified impact rule or the bystander rule." *Atlantic Coast Airlines*, 857 N.E.2d at 998 (emphasis added). The Indiana Supreme Court has recently declined to extend the circumstances in which an individual can recover for negligent infliction of emotional distress beyond these two tests. *Smith v. Toney*, 862 N.E.2d 656 (Ind. 2007).

In the case before us, Plaintiffs assert that they are permitted to bring a cause of action for negligent infliction of emotion distress based on the fact that their respective loved ones' remains were damaged due to improper installation of lawn crypts. As an example of their claims, they assert: "To the family's horror, Fred Leathermon's body and casket were significantly and prematurely deteriorated because of water that had pooled in the improperly installed lawn crypt." (First Amended Complaint–Class Action ¶ 6). Plaintiffs cite the Indiana Court of Appeals's decision in *Blackwell v. Dykes Funeral Homes, Inc.*, 771 N.E.2d 692 (Ind. Ct. App. 2002) to support their claim. In *Blackwell*, the defendant funeral home had allegedly lost the urn containing the

remains of the Plaintiffs' son. The Indiana Court of Appeals correctly noted that the modified impact rule did not apply because Plaintiffs had not demonstrated a direct physical impact. However, the court determined that the bystander rule should be extended to include the losing of a family member's remains, noting that "[e]ven though the tripartite [bystander] test set forth above may be inapposite here, our supreme court's reasoning in *Groves* is persuasive and compelling. While there was no physical impact, the Blackwells have alleged serious emotional trauma and it is of a kind that a reasonable person would experience. In our view, this is the type of claim that our supreme court spoke of in *Groves* where the plaintiff is sufficiently and directly involved in the incident giving rise to the emotional trauma." *Blackwell*, 771 N.E.2d at 697.

Contrary to the Indiana Court of Appeals holding in *Blackwell*, however, the Indiana Supreme Court has routinely declined to extend the bystander rule beyond the tripartite test set out in *Groves*. An individual must: 1) actually witness or come on the scene soon after; 2) the death or serious injury; 3) of a loved one with a relationship analogous to a spouse, parent, child, grandparent, grandchild, or sibling. *See Toney*, 862 N.E.2d at 659. The Indiana Supreme Court in *Toney* declined to extend the protected relationships to include a fiancé and also explained that learning of a death or injury independently was not sufficient to implicate the bystander rule; "[t]he scene viewed by the claimant must be essentially as it was at the time of the incident, the victim must be in essentially the same condition as immediately following the incident,

and the claimant must not have been informed of the incident before coming upon the scene." *Id*. at 661-63. The Indiana Court of Appeals very recently in *York v. Fredrick*, - - N.E.2d - - - (Ind. Ct. App. 2011), reaffirmed the limited nature of the bystander rule in a case very similar to the matter before us in which the plaintiffs alleged that the body of a loved one had been damaged. As the Indiana Court of Appeals explained, a plaintiff must witness either the death or serious injury of a loved one, and a claim of damage to a plaintiff's loved one's remains is not the type of injury covered by the bystander rule.

Based on the Indiana Supreme Court's clear, precedential holding in *Toney*, as well as the Indiana Court of Appeals recent decision in *York*, we conclude that Plaintiffs cannot sustain a state law cause of action for negligent infliction of emotional distress in the case before us. They do not and cannot allege that they personally witnessed the death or serious injury of a loved one almost immediately after it occurred. Thus, their claim of negligent infliction of emotional distress must be deemed futile, and the Motion for Leave to File Amended Complaint-Class Action with regard to Count III is <u>DENIED</u>.

    *2. Tortious Interference With Dead Bodies*

Plaintiffs also allege that Defendants' mishandling of their loved ones' remains has deprived them of their rights to control these remains and has led to their great mental anguish. Plaintiffs contend that Defendants' actions implicated Section 868 of the Second Restatement of Torts which prohibits the tortious interference with dead bodies. That section provides that "[o]ne who intentionally, recklessly or negligently removes, withholds, mutilates or operates upon the body of a dead person or prevents its proper interment or cremation is subject to liability to a member of the family of the deceased who is entitled to the disposition of the body." Restatement (Second) of Torts § 868. It is noteworthy that the accompanying Comments to Section 868 state that this cause of action "has served as a mere peg upon which to hang damages for the mental distress inflicted upon the survivor; and in reality the cause of action has been exclusively one for the mental distress." *Id.*

No court in Indiana has ever recognized a cause of action for tortious interference with dead bodies. Furthermore, as discussed in detail above, the circumstances in which an individual can sustain a cause of action for negligent infliction of emotional distress are extremely limited. To recognize a separate cause of action for tortious interference with dead bodies based on emotional distress that goes beyond the limits set out in the bystander rule and the modified impact rule would extend Indiana law beyond its current boundaries. We decline to take that step without clear authority to do so under Indiana law. Consequently, Count II of Plaintiffs'

proposed First Amended Complaint–Class Action is also futile, and Plaintiffs' Motion

for Leave to File First Amended Complaint–Class Action is similarly <u>DENIED</u>.

### 3. *Intentional Infliction of Emotional Distress*

Indiana courts first recognized intentional infliction of emotional distress

("IIED") as a separate cause of action in *Cullison v. Medley*, 570 N.E.2d 27 (Ind. 1991).

An individual may be liable for IIED if he, "by extreme and outrageous conduct

intentionally or recklessly causes severe emotional distress to another." *Id*. at 31. The

four elements of an IIED claim are as follows: 1) defendant engages in extreme or

outrageous conduct; 2) which intentionally or recklessly; 3) causes; 4) severe

emotional distress to another. *Id*. "It is the intent to harm the plaintiff emotionally

which constitutes the basis for the tort of intentional infliction of emotional distress."

*Id*. The Indiana Court of Appeals has explained that the conduct giving rise to a claim

of IIED must be even beyond extreme:

> The cases thus far decided have found liability only where the
> defendant's conduct has been extreme and outrageous. It has not been
> enough that the defendant has acted with an intent which is tortious or
> even criminal, or that he has intended to inflict emotional distress, or
> even that his conduct has been characterized by 'malice,' or by a degree
> of aggravation which would entitle the plaintiff to punitive damages for
> another tort. Liability has been found only where the conduct has been so
> outrageous in character, and so extreme in degree, as to go beyond all
> possible bounds of decency, and to be regarded as atrocious, and utterly
> intolerable in a civilized community. Generally, the case is one in which
> the recitation of the facts to an average member of the community would
> arouse his resentment against the actor, and lead him to exclaim,
> 'Outrageous!

*Bradley v. Hall*, 720 N.E.2d 747, 752-53 (Ind. Ct. App. 1999)(quoting Restatement (Second) of Torts cmt. d).

Here, Plaintiffs maintain that Defendants' alleged actions satisfy the elements of IIED because Defendants intentionally sold lawn crypts in a section of a cemetery that was not intended for and could not support the drainage system necessary for lawn crypts. Plaintiffs further allege that Defendants knew the lawn crypts would collect water which would lead to the premature deterioration of the remains of Plaintiffs' loved ones. However, elsewhere in their Complaint, Plaintiffs allege that Defendants secretly pumped water out of the lawn crypts in an effort to hide from Plaintiffs the poor drainage problem, suggesting an attempt to ameliorate any emotional distress Plaintiffs might have otherwise had to endure. (See First Amended Complaint–Class Action ¶¶ 37, 40, 79, 96). Given these alleged facts, Plaintiffs clearly have failed to state a cause of action for IIED. There is no allegation regarding the requisite intent to emotionally harm Plaintiffs; instead, the claims aver that Defendants intent was to conceal their actions from Plaintiffs to save them from emotional distress. Plaintiffs' Motion for Leave to File First Amended Complaint–Class Action to add Count VI alleging intentional infliction of emotional distress must therefore be <u>DENIED</u>.

*4. Fraud*

Defendants next argue that Plaintiffs' Motion for Leave to File First Amended

Complaint–Class Action must be denied with regard to the fraud claim in Count VII.

Defendants maintain that Plaintiffs can not base their fraud claim on a future promise

and that Plaintiffs have failed to plead fraud with sufficient particularity as required by

the Federal Rules of Civil Procedure.

Rule 9(b) of the Federal Rules of Civil Procedure expressly requires that a fraud

claim be pled with particularity. This means that Plaintiffs must describe the "who,

what, when, where, and how" of the alleged fraud. *See Rao v. BP Products North*

*America, Inc.*, 589 F.3d 389, 401 (7th Cir. 2009). Moreover, as the Seventh Circuit has

explained:

> To meet the particularity requirements of Rule 9(b), a complaint must
> specify the identity of the person making the misrepresentation, the time,
> place, and content of the misrepresentation, and the method by which the
> misrepresentation was communicated to the plaintiff. *A complaint that
> attributes misrepresentations to all defendants, lumped together for
> pleading purposes, generally is insufficient.*

*Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990)(emphasis added).

Here, Plaintiffs' fraud claim alleges that all Defendants "uniformly" made

representations to all Plaintiffs that the lawn crypts at issue in this case would be

installed with proper drainage systems. Plaintiffs' First Amended Complaint does not

identify each individual who allegedly made the misrepresentations or the time, place,

and content of any specific misrepresentation. Plaintiffs' lumping together all the

alleged misrepresentations renders them unable to satisfy their burden under Rule 9(b) to plead fraud with particularity. Plaintiffs' Motion for Leave to File First Amended Complaint–Class Action must again be <u>DENIED</u>, as to Count VII.

### 5. Deceptive Consumer Sales Act

Plaintiffs also seek to amend their Complaint to add a cause of action under Indiana's Deceptive Consumer Sales Act ("DCSA"). Ind. Code § 24-5-0.5-1 *et seq*. The deceptive acts asserted pursuant to the DCSA were Defendants' sale of lawn crypts that they allegedly knew were defective/improperly constructed/improperly maintained. All of the parties agree that, pursuant to Indiana Code § 24-5-0.5-5, each of Plaintiffs' alleged violations of the DCSA occurred more than two years prior to the filing of this lawsuit and thus would be barred by the statute's two-year limitations period unless Plaintiffs can demonstrate fraudulent concealment which would toll the limitations period. Under the fraudulent concealment doctrine "a person is estopped from asserting the statute of limitations as a defense if that person, by deception or violation of a duty, has concealed material facts from the plaintiff and thereby prevented discovery of a wrong." *Boggs v. Tri-State Radiology, Inc.*, 730 N.E.2d 692, 698 (Ind. 2000). In their effort to establish that Plaintiffs' DCSA claim is time barred, Defendants contend that Plaintiffs' fraudulent concealment argument is flawed in four distinct ways.

Like Plaintiffs' fraud claim discussed above, Defendants argue that Plaintiffs' allegation of fraudulent concealment must satisfy the particularity requirement of Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs rejoin that Defendants' secretly pumping of water out of the allegedly defective lawn crypts amounted to fraudulent concealment. Plaintiffs further note that they have pled that all Defendants acted to conceal the drainage problems from Plaintiffs by pumping water from the lawn crypts immediately prior to burials so that Plaintiffs would not be able to discover the drainage problems when they were present at the cemetery. In our view, these facts are sufficiently particular in their details to satisfy the requirements of Rule 9(b).

Defendants also contend that Plaintiffs have failed to demonstrate active and intentional concealment as opposed to mere passive silence. Since Plaintiffs' fraudulent concealment claim is that Defendants actively and secretly pumped water out of the lawn crypt system each time a burial took place as a means of keeping Plaintiffs in the dark about the problems with the drainage in the lawn crypts, it is inaccurate to characterize such conduct as "passive silence." Therefore, Plaintiffs pass this test for properly pleading active fraudulent concealment.

Defendants next maintain that Plaintiffs have not alleged that Plaintiffs themselves exercised the requisite due diligence and ordinary care in an effort to discover the alleged wrongful conduct. The Indiana Court of Appeals has explained that:

to avoid the time-bar imposed by the statute of limitations under the doctrine of fraudulent concealment, the plaintiff must show that he used due diligence to detect the fraud. For the doctrine of fraudulent concealment to apply, Indiana law requires, among other things, a showing of reasonable care and due diligence on the part of the plaintiff. When the plaintiff obtains information that would lead to the discovery of the cause of action through ordinary diligence, the statute of limitations begins to run, regardless of any fraudulent concealment perpetrated by defendant.

*Doe v. United Methodist Church*, 673 N.E.2d 839, 844 (Ind. Ct. App. 1996). In the case at bar, as previously noted, Plaintiffs have pled that Defendants concealed problems with the lawn crypts by pumping water out of the lawn crypts each time a burial occurred and that the concealment continued until at least the summer of 2006, when a public meeting was held to discuss some of the water problems. (First Amended Complaint–Class Action ¶ 96). Whether Plaintiffs exercised due diligence is thus a question of fact to be resolved by the fact finder at trial. The proposed Amended Complaint in terms of the issue of Plaintiffs' due diligence is sufficient.

Fourth, and finally, Defendants assert that, in order to properly allege fraudulent concealment, this particular claim must be separate from Plaintiffs' underlying DCSA claim. The underlying DCSA claim alleges that Defendants sold lawn crypts which they knew were defective. The claim of fraudulent concealment asserts that Defendants pumped water out of the lawn crypts to keep Plaintiffs from discovering the problems with the lawn crypts and thus appears to us to be totally separate from the

DCSA claim   We therefore conclude that Plaintiffs' claim of fraudulent concealment is viable and can proceed.

In summary, Count VI of Plaintiffs' proposed First Amended Complaint–Class Action alleging violation of the DCSA is not futile, and Plaintiffs' Motion to File First Amended Complaint–Class Action is <u>GRANTED</u> with regard to that claim.

### 6. *Fraudulent Conveyance*

Additionally, Plaintiffs seek to amend their complaint to add Count X which asserts a fraudulent conveyance, in violation of Ind. Code § 32-18-2-1 *et seq*.  In this context, Plaintiffs also seek to add a new defendant, Mainstreet Investments, Inc., the party to whom the alleged fraudulent conveyance was made.  Defendants Madison Funeral Service, Inc., and James R. Holt filed a separate response to this part of Plaintiffs' motion, arguing that the fraudulent conveyance claim is barred by the four-year statute of limitations period set out in Ind. Code § 32-18-2-19, given that the conveyance was made on May 18, 2006, and Plaintiffs' Motion to File First Amended Complaint–Class Action was filed well after May 18, 2010.

However, as discussed above in substantial detail, Plaintiffs filed a previous Motion to Amend and Supplement Complaint and to Add Parties on April 24, 2009. Included in that original First Amended and Supplemental Complaint was a claim of fraudulent conveyance.  On March 31, 2010, we granted Defendants' Motion to

Disqualify Counsel and dismissed all then-pending motions without prejudice, including the Motion to Amend and Supplement Complaint and to Add Parties. Therefore, through no fault of Plaintiffs, their original motion seeking to amend the Complaint was dismissed and, before Plaintiffs were able to re-file a new motion to amend the four year limitations period expired. The court concludes that, under these circumstances, Indiana's Journey's Accounts Statute saves Plaintiffs' claim of fraudulent conveyance. Indiana Code § 34-11-8-1, the Journey's Account Statue, provides in applicable part as follows:

> (a) This section applies if a plaintiff commences an action and:
>
>> (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;
>
> ****
>
> (b) If subsection (a) applies, a new action may be brought no later than the later of:
>
>> (1) three (3) years after the date of the determination under subsection (a); or
>
>> (2) the last date an action could have been commenced under the statute of limitations governing the original action;        and be considered a continuation of the original action commenced by the plaintiff.

Here, Plaintiffs originally commenced their fraudulent conveyance action on April 24, 2009, with their first attempt to amend the Complaint. Plaintiffs' effort fizzled on March 31, 2010, when a dismissal order entered by the Court without prejudice included the Motion to Amend and Supplement Complaint and to Add Parties. Pursuant to Section 34-11-8-1, Plaintiffs had three years following March 31,

2010 to re-file a motion to amend their complaint alleging *inter alia* fraudulent conveyance. Because Plaintiffs filed their renewed Motion to File First Amended Complaint–Class Action well before that three-year period expired, their motion was timely, and we now <u>GRANT</u> the motion with regard to the fraudulent conveyance in Count X.

### 7. *Individual Claims of the Leathermons and Charlotte Hall*

Finally, Defendants contend that Plaintiffs Delmar Leathermon, Margaret Leathermon, and Charlotte Hall have all brought claims based on their own individual purchases of lawn crypts, claims that each released as part of a settlement of a previous class action lawsuit, *Means v. River Valley Financial Bank, et al*. If the Court were to permit these three Plaintiffs to recover damages in this lawsuit, Defendants contend, they would receive a double recovery. Whether an enforceable settlement agreement from a prior case bars these three Plaintiffs' individual claims in this lawsuit is not an issue we can resolve at this time, given that it would require the court to examine evidence beyond the four corners of the proposed First Amended Complaint–Class Action. Consequently, Plaintiffs' Motion for Leave to File First Amended Complaint–Class Action is GRANTED with respect to these three individual Plaintiffs' claims and whether they are entitled to proceed to or recover on a final judgment is a question we defer to another day.

*III.    Conclusion*

For the reasons outlined above, Plaintiffs' Motion for Leave to File First Amended Complaint–Class Action is <u>GRANTED</u> in part and <u>DENIED</u> in part. With regard to Count II alleging Tortious Interference with Dead Bodies, Count III alleging negligent infliction of emotional distress, Count VI alleging intentional infliction of emotional distress, and Count VII alleging fraud, the Motion for Leave to File First Amended Complaint–Class Action is <u>DENIED</u>, and all of these claims are <u>DISMISSED</u>.  In all other respects, including the addition of new plaintiffs and new defendants, the motion is <u>GRANTED</u>, subject to the requirement that Plaintiffs cure the financial losses incurred by Defendants in taking the depositions of the four individuals who no longer will serve as class representatives.  Defendants shall submit to Plaintiffs  their calculations reflecting their costs as referenced above within fifteen (15) days of the date of this entry.  If Plaintiffs object to the tabulation, as opposed to the underlying requirement to pay), they may file their statement in opposition within thirty (30) days of the date of this entry.

IT IS SO ORDERED.

Dated:  ____06/15/2011_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Mickel M. Arias
ARIAS OZZELLO & GIGNAC LLP
marias@aogllp.com

Douglas C. Ballantine
STOLL KEENON OGDEN PLLC
douglas.ballantine@skofirm.com

Robert Lewis Barlow II
BARLOW LAW OFFICE
rbarlow@blueriver.net

John Francis Carroll
QUINTAIROS, PRIETO, WOOD &
BOYER, P.A
jcarroll@qpwblaw.com

Justin D. Clark
STOLL KEENON OGDEN PLLC
justin.clark@skofirm.com

G. Karl Fanter
BAKER & HOSTETLER LLP
kfanter@bakerlaw.com

Pamela J. Hensler

CLENDENING JOHNSON &
BOHRER P.C.
phensler@lawcjb.com

Scott Christopher Holbrook
BAKER & HOSTETLER LLP
sholbrook@bakerlaw.com

Lonnie D. Johnson
CLENDENING JOHNSON &
BOHRER, P.C.
ljohnson@lawcjb.com

Peter S. Kovacs
STEWART & IRWIN P.C.
pkovacs@silegal.com

William H. Mullis
whm@mullislaw.com

Ronald Shig Okada
BAKER & HOSTETLER LLP
rokada@bakerlaw.com

James W. Riley Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com

David T. Royse

STOLL KEENON OGDEN PLLC

david.royse@skofirm.com


Christopher E. Schaefer

STOLL KEENON OGDEN PLLC

christopher.schaefer@skofirm.com


Mary F. Schmid

STEWART & IRWIN

mschmid@stewart-irwin.com


Samantha  Smith

ARIAS OZZELLO & GIGNAC LLP

ssmith@aogllp.com


Arnold C. Wang

ARIAS OZZELLO & GIGNAC LLP

acwang@aogllp.com


Lynn S. Zellen

STOLL KEENON OGDEN PLLC

lynn.zellen@skofirm.com