IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

Delmar H. Leathermon, et al.,

Plaintiffs,

vs.

Grandview Memorial Gardens, Inc., et al.,

Defendants.

4:07-CV-00137-SEB-WGH

**ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT**

Class Representatives Margaret L. Leathermon, Cindy Jones, Terri Cosby, Willa Albus-Skirvin, Richard Albus, Charlotte Hall, and Claudia Spenneberg (the "Class Representatives"), on behalf of themselves and the Settlement Class, and Defendants Grandview Memorial Gardens, Inc., Jimmy W. Simpson, Carriage Funeral Holdings, Inc., formerly known as Carriage Funeral Services of Indiana, Inc., Carriage Cemetery Services, Inc., Carriage Services, Inc., James R. Holt, Madison Funeral Service, Inc., Mainstreet Investments, Inc., and Grandview Memorial Gardens, LLC (the "Defendants"), having entered into a Settlement Agreement in this class action lawsuit, and having presented the Settlement Agreement to the Court for the purpose of granting final approval to, and entering final judgment on, such Settlement Agreement, the Court now FINDS and ORDERS as follows:

## I. Certification of Class and Approval of Settlement Agreement

1. The Class Representatives brought claims against Defendants on behalf of a putative class of purchasers of services or merchandise at Grandview Memorial Gardens Cemetery in Jefferson County, Indiana claiming, among other things, that certain putative class members did not receive a proper lawn crypt burial when they were buried in lawn crypt

containers outside certain "lawn crypt sections" of the cemetery that have pre-installed drainage pipes and tile, and that these lawn crypt sections were not properly installed or maintained. Defendants deny these allegations.

2. Settlement Class Counsel engaged in significant investigation and discovery in this lawsuit prior to entering into negotiations with Defendants, including a thorough review of the records of the Grandview Memorial Gardens Cemetery. Settlement Class Counsel believe that the Settlement Agreement with Defendants is fair, reasonable, and adequate based upon their evaluation of the extent of their exposure and taking into consideration the interests of the members of the Settlement Class.

3. The Court previously entered an order granting preliminary approval to the Settlement Agreement with Defendants in which the Court, among other things, certified the following Settlement Class, which consists of the following four sub-classes of individuals, for settlement purposes only:

(i) Settlement Sub-Class One: All personal representatives and/or individuals vested with the right, pursuant to Indiana common law or statutory law, to control the disposition of the remains of decedents who were interred in lawn crypts *outside* of any Lawn Crypt Section at Grandview Memorial Gardens Cemetery, or any other party seeking relief in connection with the disposition of those remains. For purposes of this Agreement, a "Lawn Crypt Section" is an area of Grandview Memorial Gardens Cemetery in which drainage pipes and tile have been installed below pre-installed lawn crypts;

(ii) Settlement Sub-Class Two: All personal representatives and/or individuals vested with the right, pursuant to Indiana common law or statutory law, to control the disposition of the remains of decedents who were interred in lawn crypts *within* a Lawn Crypt Section at Grandview Memorial Gardens Cemetery, or any other party seeking relief in connection with the disposition of those remains;

(iii) Settlement Sub-Class Three: All persons, and/or their authorized representatives or agents, who entered into agreements with any Defendant for the purchase of a lawn crypt and a burial space at Grandview Memorial Gardens Cemetery in which the lawn crypt has been

preinstalled *outside* of any Lawn Crypt Section at Grandview Memorial Gardens Cemetery and who have not yet been interred in such a lawn crypt; and

(iv) Settlement Sub-Class Four: All persons, and/or their authorized representatives or agents, who entered into agreements with any Defendant for the purchase of a lawn crypt and a burial space at Grandview Memorial Gardens Cemetery which is *within* a Lawn Crypt Section at Grandview Memorial Gardens Cemetery and who have not yet been interred in such a lawn crypt.

4. The Court reaffirms its prior appointment of the Class Representatives as the representatives of the Settlement Class, and their counsel, Arias, Ozzello & Gignac LLP and Stoll Keenon Ogden PLLC as Settlement Class Counsel for the purposes of administering and implementing the settlement with Defendants. Settlement Class Counsel have substantial experience in class action litigation and recommend the approval of the Agreement.

5. In the order granting preliminary approval to the Settlement Agreement, the Court also directed that notice be disseminated to the members of the Settlement Class through direct mail, posting at Grandview Memorial Gardens Cemetery, publication in the newspaper and by Internet, use of a dedicated toll-free number allowing Settlement Class members to inquire about their claims, and public service announcement, informing them of, among other things, the terms of the Settlement Agreement, the hearing on the final approval of the Settlement Agreement, and the methods by which they could exclude themselves from the Settlement Agreement or object to the terms of the Settlement Agreement.

6. The Claims Administrator has disseminated notice to members of the Settlement Class as previously ordered by the Court.

7. The Court conducted a hearing on June 23, 2014 for the purpose of considering whether to grant final approval to, and enter final judgment upon, the Settlement Agreement. No objection to the Settlement Agreement was filed.

8. The Court has reviewed the Settlement Agreement and all materials submitted in connection with the Settlement Agreement and the approval of the Settlement Agreement, and finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate to the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. For the purposes of this Settlement Agreement, the Class Representatives are adequate representatives of the Settlement Class, having attended depositions and meetings with Class Counsel, participated in the settlement negotiations, and vigorously advocated for the interests of the Settlement Class.

10. The Court has personal jurisdiction over the Class Members and parties, and the Court has subject matter jurisdiction to approve the Settlement Agreement and all exhibits thereto pursuant to 28 U.S.C. § 1331.

11. The Notice provided to the Class (i) fully complied with Federal Rule of Civil Procedure 23, (ii) constituted reasonable and best practicable notice to all persons entitled to receive notice, (iii) was reasonably calculated to apprise the Settlement Class of the nature and pendency of the Lawsuit, the general terms of the proposed Settlement and that complete information is available from the court files, and the right to appear at the Final Approval Hearing; (iv) satisfied all constitutional due process requirements, and (v) provides the Court with jurisdiction over all Class members. Notice has further been provided to all of the parties to this litigation whose rights and interests are affected by the Settlement Agreement.

12. The terms and provisions of the Settlement, including all exhibits, have been entered into in good faith, at arm's length and without collusion, and are hereby fully and finally approved as fair, reasonable, adequate and in the best interests of the Class members, and are in

full compliance with all applicable requirements of the Federal Rules of Civil Procedure and due process.

13. The Court finds that this case presents considerable and ongoing risks to plaintiffs at both the trial and appellate levels with respect to various issues, including: whether and to what extent there is a drainage problem at Grandview Memorial Gardens Cemetery; whether the lawn crypts provided to Grandview Cemetery's customers comply with the terms of the relevant contracts; whether the placement of lawn crypts outside a pre-installed drainage system violates Indiana statutory law or industry standards; and whether plaintiffs have adequately pleaded their fraud-based Deceptive Consumer Sales Act claim. Adverse rulings on these issues could result in no or limited recovery to the Settlement Class. Moreover, this case presents complex issues that have been litigated for more than six years and would likely be litigated for several additional years if there were no settlement.

14. This Final Order incorporates and makes a part hereof: (a) the Settlement Agreement (including the definitions of terms set forth in that Agreement), and (b) the Notice of the proposed settlement previously approved by the Court and distributed to class members.

## II. <u>Releases and Dismissal of Claims</u>

15. The terms of the Settlement Agreement and this Order are declared to be binding on, and to have res judicata and preclusive effect in all pending and future claims, lawsuits or other proceedings encompassed by the releases set forth in the Settlement Agreement. The Releasing Parties are forever barred from asserting their Released Claims against the Released Entities, as those terms are defined in the Settlement Agreement and incorporated herein.

16. No member of the Settlement Class opted out of the Settlement Agreement. All members of the Settlement Class shall therefore be bound by this Settlement Agreement, including the release provisions and covenant not to sue.

17. All members of the Settlement Class are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as Class Members or otherwise), or receiving any other relief from any other claim, lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction that is within the terms of the releases set forth in paragraphs 25 through 28 of the Settlement Agreement. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Final Order.

18. Nothing in this Final Order shall preclude any action to enforce the terms of the Settlement Agreement.

19. This action, including all individual and class claims asserted in it, is hereby dismissed on the merits and with prejudice against Class Representatives and the Settlement Class, with Plaintiffs and Defendants to bear their own costs and attorneys' fees except as provided herein.

**III. Payment of Attorneys' Fees and Representative Plaintiff Incentive Award**

20. The Court APPROVES the payment of attorneys' fees to Class Counsel in the amount of $764,505.95 and reimbursement of litigation costs to Class Counsel in the amount of $35,494.05, finding that payment of attorneys' fees and reimbursement of litigations costs in that amount is reasonable, particularly in light of the value of the benefits to be provided to the Settlement Class, and ORDERS Defendants to make such payment as provided in the Settlement Agreement.

21. In addition to any recovery that the representative Plaintiffs may receive under the Settlement, and in recognition of the Plaintiffs' efforts on behalf of the Settlement Class, the Court hereby approves the payment of an incentive award, to be effected in the amount of

$5,000.00 to be paid to representative Plaintiff Margaret Leathermon, and in the amount of $3,000.00 to be paid to each of the other six representative Plaintiffs.

## IV. Other Orders and Decrees

22. Without in any way affecting the finality of this Final Order, the Court expressly retains jurisdiction as to all matters relating to the administration, implementation, and enforcement of the Settlement and of this Final Order, and for any other necessary purpose, including, without limitation:

> (a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement or this Final Order;
>
> (b) entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Order approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this Settlement;
>
> (c) entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction; and
>
> (d) resolving any other dispute that may arise under the Settlement Agreement.

However, any court may dismiss a Released Claim if such a claim is asserted in such a court.

23. The Court directs Class Counsel to contact those Settlement Sub-Class members who submitted Claims containing an indication of their having a family or other qualified relationship with a decedent, yet failed to submit the required documentation specified in paragraph 10.c., to substantiate that claimed relationship, to inform said class members that by July 3, 2014, the necessary documentation must be provided, or a satisfactory explanation given for their inability to obtain such documentation. These supplemental materials must be delivered to either the Claims Administrator or Plaintiffs' counsel. Any such supplemental submission that is delivered to or postmarked on or before July 3, 2014, will be deemed timely. Any submission

after that date will be denied. Moreover, any claims made under Settlement Sub-Class One that did not submit the required documentation per paragraph 10.c of this Agreement or a statement of why the documentation was not submitted, and which did not indicate on the Claim form a family or other qualified relationship with a decedent, are denied. Claims made under Settlement Sub-Class One that were submitted in completely blank form are also denied.

24. The Court hereby directs the Plaintiffs, the Settlement Class, Class Counsel, the Defendants, and Defense counsel to undertake the necessary steps to effectuate forthwith the Settlement according to its terms.

25. In the event the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then the judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parties shall be returned to their respective positions ex ante.

Dated: 7/2/2014

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

All ECF-registered counsel of record via email generated by the court's ECF system